*602 OPINION.
Lansdon :
Petitioner’s first contention is that he received no part of the .income for 1922 upon which the deficiency herein is based. His theory is that the so-called Page interests, owners of the operating interest in the lease .in question, swindled him out of his share of the royalties that accrued prior to December 31, 1922. On the record here there is no basis for this allegation. In the year 1922 he received stock of the par value of $100,000 and a house ,in Sand Springs that was worth a substantial amount in exchange for his .interest in the accrued royalties which he assigned to Page on December 30, 1922. The evidence fails tó convince us that such property had a value less than the income reported by the petitioner for the taxable year. On this issue the determination of the respondent is affirmed.
.In computing allowable depletion for each of the taxable years the parties disagree as to the value of the petitioner’s interest in the oil reserve acquired by devise at May 24,1919, but agree that the true value at such date must be determined in conformity with the provisions of section 202 (a) of the Revenue Act of 1921. Cf. Brewster v. Gage, 280 U. S. 327. The respondent has based his computations on a valuation of $56,000, which is $2,000 in excess of the appraisal of the property for Oklahoma and Federal estate-tax purposes. There is a presumption that the respondent’s determination of a deficiency is correct. The petitioner, therefore, has the burden of proof to show that the respondent erroneously determined the value of his interest in the lease at date of his receipt thereof and that the deficiency asserted is not correct.
The evidence adduced by the petitioner consists of a valuation report of a qualified oil engineer and of the oral testimony of such engineer. Counsel argues that the record establishes the value of the petitioner’s interest in the lease at $227,076.64 at May 24, 1919. This value was determined by the use of factors of a very doubtful weight and application. The witness testified that many good wells in the Cushing field have either been destroyed or greatly impaired by salt water and that the cement process of plugging off such water had been developed about that time and, in his judgment, added to the fair market value of all oil-producing properties in the Cushing area. He also testified that his computation of value was based on a price of $2.25 per barrel, plus a premium of 75 cents. The Commissioner can hardly be called on to determine values for depletion purposes over the term of a long-time lease on the basis of the highest prices ever paid for oil in the mid-continent field. The cement method of excluding salt water from oils was only in the experi *603 mental stage in 1919 and even when generally applied it can hardly be said that it increases the recoverable reserve, although it may shorten the time of recovery. After careful consideration of all the evidence, we think it falls short of establishing the full value asserted by the petitioner, but it does indicate clearly that the petitioner’s interest in the lease in question had a fair market value in excess of $56,000 at May 24, 1919. Accordingly, we have found that the basis of depletion is $100,000.

«Judgment will be entered under Rule 50.